UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY JOHNSON,

    Plaintiff,

v.

CACH, LLC, and ENERSON LAW LLC ,

    Defendants.

**COMPLAINT**
&
**DEMAND FOR JURY TRIAL**

## COMPLAINT

NOW COMES Plaintiff Ricky Johnson, represented by his attorneys, David S. Parnell of The Parnell Law Firm PLLC, and Sean R. O'Mara of the O'Mara Law Firm, PC states:

## INTRODUCTION

1. Plaintiff alleges that the Defendants collection practices violate Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 *et seq*, and Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L. § 445.251 *et seq*.

2. The Defendants, CACH LLC and ENERSON LAW LLC, in this case filed two collection lawsuits involving the same debt against the Plaintiff in violation of 15 U.S.C. § 1692d, § 1692e, § 1692e(8), § 1692e(10), § 1692e(5), § 1692e(2)(A), § 1692e(2)(B) § 1692f, § 1692f(1); M.C.L. 445.525(a), (e), (f), and (q).

3. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6). Defendants here are debt collectors seeking payment on debts that were in default when obtained for collection. *Schlosser v Fairbanks Capital Corp.,* 323 F.3d 535, 536 (7th Cir. 2003) (noting that "the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not."). Defendants here are debt collectors.

4. The FDCPA regulates the behavior of collection agencies attempting to collect on a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

5. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a violation. The Sixth Circuit has held that whether

a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

6. The RCPA, like the FDCPA, prohibits debt collectors form using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliot P.C.* No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del. 1991).

## **PARTIES**

7. Plaintiff is a natural person and a consumer.

8. At all times relevant to this complaint, Plaintiff resided in the City of Taylor, County of Wayne, State of Michigan.

9. At all times relevant to this complaint, Defendants are debt collectors engaged in the business of using the mails, telephone, and state courts to collect consumer debts originally owed to others under the FDCPA.

10. At all relevant times to this lawsuit, Defendant CACH is a debt collector / debt buyer operating from an address of 4340 S. Monaco, 2nd FL, City of Denver, State of Colorado, and is a debt collector.

11. Defendant CACH is in the business of purchasing consumer debt portfolios and seeking to collect the associated debts from consumers.

12. Defendant CACH is not licensed by the State of Michigan to collect consumer debt in Michigan.

13. At all relevant times to this lawsuit Defendant Enerson Law's principal place of business being at 250 Bishops Way, Brookfield Wisconsin.

## JURISDICTION AND VENUE

14. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and 1337. This court has supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

15. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

16. Defendant, CACH LLC, is a (hereinafter "CACH") is a debt collector / debt buyer operating from an address of 4340 S. Monoaco, 2nd FL, City of Denver, State of Colorado, and is a "debt collector" as that term is defined by 15 U.S.C. CACH LLC transacts business throughout the State of Michigan and in the Eastern District of Michigan by sending thousands of collection letters and filing thousands of lawsuits against Michigan Consumers.

17. CACH is a "regulated person" as the term is defined and used in the RCPA. CACH is engaged in the business of debt collection as defined by 15 U.S.C. 1692a and is prohibited from engaging in activities that violate 15 U.S.C. 1692 and/or M.C.L. 445.251 *et seq*.

18. Defendant, Enerson Law LLC, is a Wisconsin Limited Liability Company conducting/transacting its collection business in Michigan. Enerson Law uses interstate commerce and the mails in a business whose principal purpose is the collection of debt. Furthermore, Enerson Law PLLC maintains its satellite law office with its collections attorney, Mark Linton (P61828) at 30150 Telegraph Rd., Ste 444 in Bingham Farms, Michigan. Venue is proper pursuant 28 U.S.C. 1391(b)(2).

19. Enerson Law regularly collects or attempts to collect, directly or indirectly, debt owed or due or asserted to be owed or due another. Enerson Law is a "debt collector" as the term is defined and used in the FDCPA. Enerson Law is a "regulated person" as the term is defined and used in the RCPA. Defendant is engaged in the business of debt collection as defined by 15 U.S.C. 1692a and are prohibited from engaging in activities that violate 15 U.S.C. 1692 and/or M.C.L. 445.251 *et seq*.

20. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

21. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred

within this federal judicial district, and because the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

22. Whether a debt collectors' actions are false, deceptive, or misleading under § 1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank,* 683 F.3d 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir. 2006).

23. Section 1692e provides: "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

## FACTUAL ALLEGATIONS

24. At some time prior to February 2015, Plaintiff incurred a financial obligation with SpringLeaf Financial primarily for personal, family, or household purposes.

25. Sometime Prior to February 2015, Plaintiff defaulted on his obligation to the original creditor, Springleaf.

26. Plaintiff's obligation is a "debt" as defined by the FDPCA and RCPA.

27. After Plaintiff defaulted on the Debt, the account was transferred, placed, moved, conveyed, sold or otherwise assigned to Defendant CACH for collection.

28. On September 7, 2016 Attorney Mark Linton of Enerson Law LLC signed and allegedly reviewed Lawsuit #1 District Court Case Number 16-02-4015 (hereinafter "Suit #1") and filed it with the 23rd District Court in Taylor Michigan. (*See Attached* **Exhibit 1: District Court Collections Case 16-02-4015).** On September 20, 2016 Enerson Law collecting on behalf of its client, CACH LLC, filed with the 23rd District Court Suit #1. Suit #1 alleges that Ricky Johnson is indebted to CACH LLC on a Household Finance Corporation consumer loan, account number XXXXXXX2379.

29. On September 1, 2016 Attorney Mark Linton of Enerson Law LLC signed and allegedly reviewed Lawsuit #2 District Court Case Number 16-02-4499 (hereinafter "Suit #2") and filed it with the 23rd District Court in Taylor Michigan. (*See Attached* **Exhibit 1: District Court Collections Case 16-02-4499).** On October 17, 2016 Enerson Law collecting on behalf of its client, CACH LLC, filed with the 23rd District Court this same lawsuit #2. Suit #2 alleges that Ricky Johnson is indebted to CACH LLC on a Household Finance Corporation consumer loan, account number XXXXXXX2379.

30. Defendant CACH through its collection agents at Enerson Law have filed multiple lawsuits on the same account against many consumers in the State of Michigan without any policy or procedure to prevent this unlawful conduct.

31. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

32. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with its attempt to collect an alleged debt from the Plaintiff.

## COUNT I:
## CACH AND ENERSON LAW'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

34. 15 U.S.C. § 1692e provides that:

    a. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:….

        i. (2) The false representation of --

            1. (A) the character, amount, or legal status of any debt; or

        ii. (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….

35. 15 U.S.C. § 1692f provides that:

    a. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

        i. (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

36. Defendants have violated the FDCPA and RCPA in their concerted attempts to collect a debt by filing multiple lawsuits involving the same account against the Plaintiff in Taylor District Court. Filing multiple lawsuits on the same account is not permitted by law, and falsely represented the character, amount, or legal status of a debt.

37. Defendants violated the FDCPA. Defendants' violations with respect to their practice of filing multiple lawsuits on the same account are, but are not limited to, the following:

    a. Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

    b. Making false, deceptive and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

    c. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

    d. Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(4) and 15 U.S.C. § 1692f(1)

38. As a result of Defendant CACH, LLC's actions, CACH, LLC has violated:

    a. 15 U.S.C. § 1692d.

    b. 15 U.S.C. §1692e.

    c. 15 U.S.C. §1692e(2)(A).

    d. 15 U.S.C. §1692e(2)(B).

    e. 15 U.S.C. §1692e(3).

    f. 15 U.S.C. §1692e(5).

    g. 15 U.S.C. §1692e(8).

    h. 15 U.S.C. §1692e(10).

    i. 15 U.S.C. §1692e(14).

    j. 15 U.S.C. §1692f.

    k. 15 U.S.C. §1692f(1).

39. As a result of Defendant ENERSON LAW, LLC's actions, ENERSON LAW, LLC's has violated:

    a. 15 U.S.C. § 1692d.

    b. 15 U.S.C. §1692e.

    c. 15 U.S.C. §1692e(2)(A).

    d. 15 U.S.C. §1692e(2)(B).

    e. 15 U.S.C. §1692e(3).

    f. 15 U.S.C. §1692e(5).

    g. 15 U.S.C. §1692e(8).

    h. 15 U.S.C. §1692e(10).

    i. 15 U.S.C. §1692e(14).

    j. 15 U.S.C. §1692f.

    k. 15 U.S.C. §1692f(1).

WHEREFORE, Plaintiff seeks:

a) A judgment against **CACH LLC** for Actual Damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(1); Statutory Damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and Such further relief as the court deems just and proper; and

b) A judgment against **ENERSON LAW LLC** for Actual Damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(1); Statutory Damages in an amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and Such further relief as the court deems just and proper.

## COUNT II:
## CACH AND ENERSON LAW'S VIOLATION OF THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT MCL § 445.252

40. Plaintiff incorporates the preceding allegations by reference.

41. CACH LLC is a "Regulated Person" as that term is defined in the Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L.A. § 445.251.

42. Enerson Law LLC is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("RCPA"), at M.C.L.A. § 445.251.

43. Mr. Johnson is a "Consumer" as that term is defined in M.C.L.A. § 445.251.

44. CACH LLC by and through its collection agents at Enerson Law LLC foregoing acts in attempting to collect the alleged debt violated M.C.L.A. § 445.252(e)&(f)(i),(ii).

45. CACH LLC by and through its collection agents at Enerson Law LLC willfully filed two lawsuits against Mr. Johnson involving the same account in a concerted attempt to collect more money than is allegedly owed.

46. CACH LLC has a duty to monitor its collection agents to ensure their collection practices conform to State and Federal Consumer Protection Laws. MCLA 445.252(q).

47. ENERSON LAW LLC has a duty to monitor its collection agents to ensure their collection practices conform to State and Federal Consumer Protection Laws. MCLA 445.252(q)

48. Both Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not limited to, the following:

    a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in communication to collect a debt as mentioned above;

    b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

        i. The legal status of a legal action being taken or threatened.

    ii. The legal rights of the creditor of debtor by filing two lawsuits involving the same debt.

  c. Defendants have violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee sending collection letters to debtors with inflated balances.

  d. Defendants have violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner when they inflated the balance.

49. Mr. Johnson has suffered damages as a result of these violations of the RCPA.

50. CACH LLC's violations of the RCPA were willful.

51. Enerson Law LLC's violations of the RCPA were willful

52. Mr. Johnson seeks actual and statutory damages, attorney fees, costs, and equitable relief to prevent the course of conduct from continuing into the future.

WHEREFORE, the Plaintiff seeks:

a) A judgment against CACH, LLC for actual and statutory damages in the amount of $50.00, trebled to $150.00 for a willful violation pursuant to M.C.L. 445.257(2); Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that CACH LLC's debt collection practices violated the RCPA; reasonable attorney's fees and court costs pursuant to M.C.L. 445.257(2) with judicial sanction; and an award providing for

all proper relief, including equitable relief, to prevent CACH LLC from continuing its deceptive and deceitful practices against consumers; and

b) A judgment against ENERSON LAW, LLC for actual and statutory damages in the amount of $50.00, trebled to $150.00 for a willful violation pursuant to M.C.L. 445.257(2); Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that ENERSON LAW LLC's debt collection practices violated the RCPA; reasonable attorney's fees and court costs pursuant to M.C.L. 445.257(2) with judicial sanction; and an award providing for all proper relief, including equitable relief, to prevent ENERSON LAW LLC from continuing its deceptive and deceitful practices against consumers.

Respectfully Submitted,

/s/ *David S. Parnell*

David S. Parnell (P77628)
**THE PARNELL FIRM, PLLC**
21929 E. Nine Mile Road
Saint Clair Shores, MI 48080
P: (586) 445.0110
F: (586) 445.2399
E: David@ParnellFirm.com

## JURY DEMAND

Plaintiff requests a jury trial for those claims triable by jury.

Dated: December 1, 2016

                                        Respectfully Submitted,

                                        /s/ *David S. Parnell*
                                        David S. Parnell (P77628)
                                        THE PARNELL FIRM, PLLC
                                        21929 E. Nine Mile Road
                                        Saint Clair Shores, MI 48080
                                        P: (586) 445.0110
                                        F: (586) 445.2399
                                        E: David@ParnellFirm.com